IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID HEATH LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-088 |
| | ) | |
| JASON MEDLIN, Warden (formerly) | ) | |
| Wheeler Correctional Facility; MR. SMITH, | ) | |
| Classification, Wheeler Correctional | ) | |
| Facility; MS. DIXON, | ) | |
| Unit Manager, Wheeler Correctional | ) | |
| Facility; MS. SHARP, | ) | |
| Sgt., Wheeler Correctional Facility, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE AMENDED COMPLAINT**

A. **BACKGROUND**

Plaintiff names the following WCF Defendants: (1) Jason Medlin, former Warden; (2) Mr. Smith, Classification; (3) Ms. Dixon, Unit Manager; (4) Ms. Sharp, Sergeant. (Doc.

no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

On July 23, 2013, Defendant Smith mistakenly assigned Plaintiff to a housing unit for disciplinary inmates. (Id. at 5.) Plaintiff attempted to raise this issue with Defendant Dixon, but no action was taken. (See id.) Plaintiff also attempted to refuse the housing assignment, but Defendant Sharp told Plaintiff that he would be the subject of a disciplinary report for every day he refused. On October 21, 2013, inmates assaulted Plaintiff, resulting in his hospitalization. (Id.) While Plaintiff was in the hospital, prison officials failed to secure his personal property, and as a result, Plaintiff's personal items were stolen. Plaintiff claims that Defendant Medlin lied to Plaintiff and told Plaintiff that he would return Plaintiff's items or give Plaintiff their equivalent value. (Id.) Plaintiff requests that Defendants return his property or its equivalent value, and also seeks monetary damages as "a Judge sees fit to match the circumstances." (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendants Did Not Violate Plaintiff's Constitutional Rights When They Reassigned him to the Disciplinary Unit.

Plaintiff's allegations that his constitutional rights were violated merely because he was reclassified and placed into "500 F block" must fail. (Doc. no. 1, p. 5.) Inmates

3

generally do not have a constitutionally protected interest in their security classification, custody status, or a particular cell block or housing assignment. McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Because prison officials have discretion to transfer a prisoner for whatever reason, a prisoner does not have a constitutional right to a particular housing assignment. Id.; see also William v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1988) ("Prisoners have no constitutionally protected liberty interest in remaining in any particular wing of a prison."). Simply put, Defendants could change Plaintiff's housing assignment for any reason or for no reason at all. Faulkner, 837 F.2d at 309. Accordingly, Plaintiff cannot demonstrate that Defendants violated his constitutional rights when they reclassified him to 500 F block.

### 3. Plaintiff has Failed to State a Claim for Deliberate Indifference.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). To satisfy the second prong, a defendant must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw that inference. Carter, 352 F.3d at 1349. Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the

infliction of punishment." Farmer, 511 U.S. at 838. "[M]erely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Before a prison official's failure to act can constitute deliberate indifference, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Id. at 1537.

Here, Plaintiff's conclusory allegation that Defendant Smith placed him in a "dangerous disciplinary unit full of gang members" is insufficient to assert a claim for deliberate indifference. Plaintiff fails to identify any *particularized* threat or fear of serious harm, and only asserts that the entire disciplinary unit was dangerous. Farmer, 511 U.S. at 828 (emphasis added). The allegation that Defendants had a general awareness of a risk of harm is not enough to state a viable deliberate indifference claim. Carter, 352 F.3d at 1350. Furthermore Plaintiff fails to identify the inmates that attacked him, or the circumstances surrounding the attack. Because Plaintiff does not allege a particularized threat of harm, he fails to state a claim for deliberate indifference.

### 4. Defendant's Alleged Failure to Secure Plaintiff's Belongings is Not Cognizable Under 42 U.S.C. § 1983.

"Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Constitution does not guarantee due care on the part of state officials. Id. A claim that defendants negligently failed to protect and replace property is not cognizable under § 1983. Menendez v. Keefe Supply Co., 235 F. App'x 737, 738-40 (11th Cir. 2007) (dismissing § 1983 claim where plaintiff claimed prison officials negligently failed to "protect, and then replace" property).

5

Here, at the heart of Plaintiff's complaint is his assertion that Defendants acted negligently, and that this negligence allowed Plaintiff's property to be stolen by an inmate. The relief Plaintiff seeks is the return of the items or payment for them. (Doc. no. 1, p. 6.) Because liability for negligently inflicted harm is beneath the threshold of constitutional due process, Plaintiff has failed to allege a "deprivation in the constitutional sense," and his claim is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 330 (1986).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be closed.

SO REPORTED and RECOMMENDED this 4th day of January, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA